**Timothes STANFORD, Petitioner–Appellant,**

v.

**Rondle ANDERSON, Respondent–Appellee.**

**No. 00–4132.**

United States Court of Appeals, Seventh Circuit.

Submitted May 3, 2001 *.

Decided May 8, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. RICHARD A. POSNER, Circuit Judges.

## ORDER

Indiana inmate Timothes Stanford appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his loss of ninety days good-time credit for threatening a guard with bodily harm. Stanford contends that the prison disciplinary board deprived him of due process by refusing to consider ten of twelve written witness statements he offered in his defense. We affirm.

## I.

During a January 2000 lockdown at the Indiana State Prison, guard Ralph Calhoun issued a conduct report charging that Stanford threatened him with bodily harm. Calhoun wrote that Stanford had been complaining about the prisoners' living conditions, and when Calhoun promised to look into the matter responded, "Good, because nobody likes getting shit or piss thrown all over them. We will demonstrate that way if we have to."

At his disciplinary hearing, Stanford told the Conduct Adjustment Board ("CAB") that he simply made a "general statement" and "didn't directly threaten anyone." To back his claim, Stanford offered twelve written witness statements from other prisoners; the CAB accepted two of them but rejected the rest as repetitive. The two accepted statements were essentially identical, and in both the inmates asserted that Stanford never made any threatening statements. The other inmates whose statements were rejected explained that they had asked Stanford to convey their complaints to prison officials, and that other prisoners had threatened Calhoun but Stanford did not. The CAB found Stanford guilty, reasoning that Calhoun's conduct report was more credible than Stanford's testimony or the two witness statements the CAB had accepted. Stanford iterated in his unsuccessful administrative appeals that in addressing Calhoun he "was merely repeating statements made to me by other inmates who wanted me to act as their spokesman."

## II.

▮ Indiana prisoners have a protected liberty interest in good-time credits, *see* Ind.Code § 35–50–6–5; *McPherson v. McBride,* 188 F.3d 784, 785 (7th Cir.1999), and so Stanford was entitled to minimal due process safeguards at his disciplinary hearing. *See Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Among other things, Stanford had a right to call witnesses in his defense. *Ponte v. Real,* 471 U.S. 491, 495, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985); *Wolff,* 418 U.S. at 566, 94 S.Ct. 2963. His right, however, was limited; a prisoner does not have the right to call witnesses whose testimony would be irrelevant, repetitive or unnecessary. *Real,* 471 U.S. at 495–96, 105 S.Ct. 2192; *Wolff,* 418 U.S. at 566, 94 S.Ct. 2963; *see also Forbes v. Trigg,* 976 F.2d 308, 317 (7th Cir.1992).

▮ That is the case here. Stanford contends that the rejected witness statements were not repetitive because they provided the necessary context for his warning to Calhoun; *i.e.,* the other prisoners corroborate that Stanford was acting as a spokesperson for them when he addressed his remark to Calhoun. This argument misses the point. The only relevant issue at the disciplinary hearing was whether Stanford committed the charged act. He admits that he did, and though he disputes the characterization of what he said as a threat, his admission is enough to satisfy the "some evidence" standard that controls here. *See Superintendent Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *McPherson,* 188 F.3d at 786. We also find significant Stanford's use of the word "we" when he made the statements at issue. One could reasonably understand the use of "we" as a threat by Stanford himself rather a threat by others that Stanford was reiterating merely as a spokesman. Regardless, contrary to Stanford's apparent belief, he was not entitled to a free pass simply because he was acting as a representative for his fellow inmates. *Cf. Shaw v. Murphy,* 532 U.S. 223, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001) (prisoner disciplined for violating prison rules while representing another prisoner had no First Amendment right to provide such legal assistance; Court reasoned that "the legal text also could be an excuse for making clearly inappropriate comments."). As a result, the rejected witness statements were irrelevant because, although they support Stanford's spokesman claim, as we have said, that claim is not a defense. The witness statements would not have aided Stanford, and thus the CAB was not required to consider them.

AFFIRMED.